## IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF FLORIDA
## TALLAHASSEE DIVISION

**UNITED STATES OF AMERICA,**

**v.**                                                    **Case No. 4:15cr00044-MW/MAF**
                                                          **4:19cv00273-MW/MAF**

**JORGE MALDONADO,**

   *Defendant.*
_____/

## ORDER ACCEPTING AND ADOPTING
## REPORT AND RECOMMENDATION

This Court has considered, without hearing, the Magistrate Judge's Report and Recommendation. ECF No. 522. As to both Ground One and Defendant's claim in Ground Two that his counsel's ineffective performance impacted the length of his sentence, this Court agrees that both are now moot given Defendant's release from custody. As to Defendant's claim in Ground Two that his decision not to testify at trial was the product of ineffective assistance of counsel, this Court agrees that, given the mountain of evidence introduced against him, there is no reasonable probability that the outcome of the trial would have been different had Defendant testified. In the event Defendant demonstrated such prejudice, this Court would have remanded the matter for an evidentiary hearing on the deficiency of trial counsel's performance. However, "[t]his Court need not address both components of the inquiry if the defendant makes an insufficient showing on one." *Hester v. United*

*States*, 335 F. App'x 949, 951 (11th Cir. 2009) (quoting *Strickland v. Washington*, 466 U.S. 668, 697 (1984)). Here, Defendant details proffered testimony that would only amplify the defense's theories at trial—i.e., lack of knowledge and shifting blame. While such amplification could have "conceivably" resulted in a different outcome, Defendant has not demonstrated a substantial likelihood that such testimony would have rendered a different outcome in the face of all the evidence against him. *See Topete v. United States*, 628 F. App'x 1028, 1029 ("The Supreme Court has elaborated that 'the likelihood of a different result must be substantial, not just conceivable.' " (quoting *Harrington v. Richter*, 562 U.S. 86, 112 (2011)).

Accordingly, upon consideration, no objections having been filed by the parties,

**IT IS ORDERED:**

The report and recommendation, ECF No. 522, is **accepted and adopted** as this Court's opinion. The Clerk shall enter judgment stating, "Defendant's motion to vacate, set aside, or correct sentence, ECF No. 447, is **DENIED**." A certificate of appealability is **DENIED**. The Clerk shall close the file.

**SO ORDERED on June 28, 2022.**

> **s/Mark E. Walker**
> **Chief United States District Judge**

2